HENRY MARTIN ET AL. V. A. AUGUSTA CLARKE.

FILED FEBRUARY 4, 1896.   No. 6082.

Review: SUFFICIENCY OF EVIDENCE. This case presents only a question of fact. Evidence *held* sufficient to sustain the verdict.

ERROR from the district court of Buffalo county. Tried below before HOLCOMB, J.

*Marston & Nevius,* for plaintiffs in error.

*Calkins & Pratt, contra.*

IRVINE, C.

The defendant in error brought this action against the plaintiffs in error, charging under one count that she had employed plaintiffs in error as her agents to purchase certain land for her; that they falsely represented to her that the lowest price for which the land could be obtained was

Martin v. Clarke.

$5,000, and that she, relying on said representations, gave them $5,000 wherewith to make the purchase; that in truth and in fact the price asked for said land was only $4,000, whereby plaintiffs in error obtained and converted to their own use $1,000. A second count of the petition charges other acts of fraud; but the court instructed the jury that the second count was not supported by the evidence, so we need not regard it. On the first count there was a verdict for defendant in error.

No complaint is made of any ruling of the district court upon a question of law. The instructions are admitted to be correct as statements of law. The argument of the plaintiffs in error is that the verdict is not sustained by the evidence in this: that the evidence fails to show that the plaintiffs in error were agents of or employed by the defendant in error at the time of the transaction complained of. In this particular it is also claimed that certain instructions should not have been given, because not based on any evidence. It will be fruitless to recite the evidence in this opinion, as the question is entirely one of fact. We have examined the record carefully, and think that while the evidence on the point in question is not direct or very strong, it is sufficient to justify the jury in finding that a fiduciary relationship existed between the parties.

JUDGMENT AFFIRMED.